STATE OF VERMONT
RUTLAND COUNTY SUPERIOR COURT
RUTLAND COUNTY, SS

| | |
|---|---|
| ROBERT M. MEE | SUPERIOR COURT OF VERMONT |
| V. | DOCKET NO: 866-12-07 RdCv |
| HENRY ALBERICO<br>DETECTIVE FOR<br>RUTLAND CITY<br>POLICE DEPARTMENT | |

RECEIVED
FEB 2 7 2008
1:08-CV-24
U.S. DISTRICT COURT
BURLINGTON, VT.

ORIGINAL PAPER
RUTLAND SUPERIOR COURT
DEC 2 1 2007

### NOTICE OF CIVIL ACTION COMMENCEMENT

NOW COMES; **Robert M Mee the Plaintiff, Pro Se, with his notice to this Honorable** court of his civil action against the defendant Henry Alberico, detective for the Rutland city police department.

The Plaintiff in this matter is claiming violations of his constitutional and civil rights against said defendant. Upon investigation of the defendants own affidavit, under his own oath and affirmation, stating the evidence upon which the issuance of the arresting process were based, the proceedings are constitutionally defective.

It is not at all anomalous that one being charged with a crime makes a complaint that the process issued against him was without sufficient evidentiary basis. There is an important

right involved, recognized in Chapter I, Article 11 of the Vermont Constitution, and in the Fourth Amendment of the United States Constitution.

A person may not be subject to arrest on a complaint knowingly unfounded, in order that he may be at the disposal of the authorities while a case is discovered against him. Permitting such practices ends up as the invidious wrong of capricious or malicious arrest at will , without restraint, and without cause. Revulsion against such action is found in our legal heritage as early as Magna Carta ( chapter 38 ).

It is the law of Vermont that a state's attorney shall not set his hand to an official complaint by which a criminal prosecution is commenced, unless he had gone far enough in a preliminary investigation to satisfy himself of the probable guilt of the party to be charged. To fail to do so is not merely irregular, it is illegal. It deprives a respondent of due process, and violates Chapter, I, Article 11 of the [ 126 Vt. 144 ] Vermont Constitution .

(SEE) State V. Donaldson, 101 Vt. 483, 486 , 144 A. 684; State V. Anderson, 119 Vt. 355, 357 , 125 A.2d 827

The plaintiff also contends that , in any event , the test of constitutionality under the United States Constitution is not met.

The Fourth Amendment says , '* * * no warrants shall issue, but upon probable cause, supported by oath or affirmation * * * .

The parties point to the recently revealed reach of the Fourteenth Amendment , which has , under its Due Process Clause, made aspects of the Bill of Rights applicable to state proceedings. Mapp V. Ohio, 367 U. S. 81 S. Ct. 1684, 6 L.Ed.2d 1081; Gideon V. Wainwright, 372, U.S. 335, 83 S. Ct.792, 9 L. Ed.2d 799

Plaintiff also claims violation of his Miranda Rights where as in the deposition of the defendant clearly states "We walked to the back of the building where we located the defendant. We advised the defendant that we knew he was selling marijuana , and that we had conducted a controlled buy of marijuana from him. Detective LaChance conducted a pat down search of the defendant and ordered him to sit down in a chair until the search was complete. LaChance advised the defenadt that they had a warrant to conduct a body cavity search of the defendant. LaChance confiscated the defendants car key's and wallet making it impossible for the defendant to leave.

At the same time detective Alberico was guarding the exit leading from the cash register area , and another officer was guarding the exit leading from the cash register area leading to the parking lot. Based on the totality of the circumstances, the defendant has the reasonable belief that he was in custody, and not free to leave. The detectives testified in their opinion the defendant was not free to leave the station.

Although not free to leave, the detectives failed to properly advise the defendant of his Miranda rights. The detectives asked the defendant several questions designed to elicit incriminating response. In response to the questions posed by the detectives, the defendant allegedly claimed knowledge and ownership of contraband later seized from the safes in the office. **See State v. Sprague 175Vt. 123, 132 ( 2003 )** ( Voluntaries is a question of fact to be determined from the totality of the circumstances. The state bears the burden, in such an inquiry , of demonstrating that the consent was freely given and not coerced by threats or force, or granted only in submission to a claim of lawful authority" ). ( Citations omitted)

Plaintiff also contends that detectives confiscated funds that were clearly labeled and documented as business funds that were also located in a safe in a totally different location in the building. These funds were clearly outside the scope of the warrant and were returned on a motion filed by the plaintiff , but to no avail the business had failed due to not being able to pay his vendors. Therefore plaintiff requests monetary relief of two hundred and fifty thousand dollars for the loss of his business, and another one hundred and fifty thousand dollars for defamation of character, as well as another two hundred fifty thousand for the numerous violations of the plaintiffs constitutional and civil rights. The plaintiff also request that the court grant him monetary restitution for the loss of his residence, and bills accrued due to his wrongful incarceration in the amount of one hundred and fifty thousand dollars.

**WHEREFORE** for the reasons cited above, the plaintiff Robert M. Mee requests to this Honorable Court to:

1.) Accept jurisdiction over this matter, and ;
2.) Assign Counsel to assist Plaintiff in representing this petition, or in the alternative, grant petitioner's application to proceed *in forma pauperis,* and:
3.) Grant leave to amend, and:

4.) Order Mr. Henry Alberico to start paying requested monies in order to pay back plaintiff's vendor's and creditors and outstanding bills accrued due to his incarceration.

5.) Order any and all other relief in the interest of justice.

**DATED ON THIS 19TH DAY OF DECEMBER 2007 IN RUTLAND , VT**

Robert M. Mee , pro se

Notary:

Exp Date: 2-10-2011